**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 17-cv-01753-CMA-KLM

MARTIN V. SHIFERS,

  Plaintiff,

v.

ARAPAHOE MOTORS, INC., *d/b/a* Ralph Schomp Automotive Honda,

  Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S MINUTE ORDER AND FOR LEAVE TO FILE RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OUT OF TIME**
---

This matter comes before the Court on Plaintiff Martin Shifers's Motion for Partial Reconsideration of the Court's October 9, 2018 Minute Order and for Leave to File Response to Defendant's Motion for Summary Judgment Out of Time (the "Motion"). (Doc. # 136.)  For the reasons explicated below, the Court denies Plaintiff's Motion (*id.*) and strikes as untimely his Response (Doc. # 134) to Defendant's Motion for Summary Judgment.

## I.     BACKGROUND

Plaintiff worked as a Service Advisor for Defendant's automobile dealership for more than 18 years.  (Doc. # 36 at 2.)  He alleges that he was terminated on June 9, 2016, due to age discrimination and that Defendant's stated reason for his termination—that he "was undereducated and under qualified" for his position—was pretextual.  (*Id.*

at 3–4.)  After lodging of a Charge of Discrimination with the Equal Employment Opportunity Commission and receiving a Notice of Dismissal and Right to Sue from the Commission, Plaintiff initiated this action against Defendant on July 19, 2017.  (*id.* at 4; Doc. # 1.)  He asserts three claims for relief: (1) "age discrimination"; (2) violations of the Fair Labor Standard Act, 29 U.S.C. §§ 201–19, and the Colorado Wage Act, Colo. Rev. Stat. §§ 8-6-101–19; and (3) violations of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1132.  (Doc. # 36 at 2–8.)  For purposes of this litigation, Plaintiff is represented by Ms. Nina H. Kazazian of Kazazian & Associates, LLC.  (Doc. # 6.)  Further factual details on Plaintiff's claims are irrelevant to the Motion presently before the Court.

On August 21, 2018, Defendant filed its Motion for Summary Judgment.  (Doc. # 105.)  Pursuant to D.C.COLO.LCivR 56.1(a), any response by Plaintiff was to be filed no later than September 11, 2018.  On September 10, 2018, Plaintiff filed an Unopposed Motion for an Extension of Time to Respond to the Motion for Summary Judgment (the "First Motion for an Extension of Time to Respond").  (Doc. # 120.)  Plaintiff represented that since the Motion for Summary Judgment, his counsel had "been in the emergency room and had limited mobility due to a fall and a several sprained ankle," his counsel "had several motions and at least one unexpected discovery hearing set on another case," and his counsel's computer system was "infected with a virus" that required reinstallation of "the operating system and applications."  (*Id.* at 2.)  Defendant did not oppose Plaintiff's request for a 14-day extension of time.  (*Id.* at 1.)

United States Magistrate Judge Kristen L. Mix granted Plaintiff's First Motion for an Extension of Time to Respond on September 11, 2018, pursuant to which Plaintiff's response to the Motion for Summary Judgment was due on or before September 25, 2018. (Doc. # 121.)

On September 25, 2018, the day a response was due, Plaintiff filed a Second Motion for an Extension of Time to Respond to the Motion for Summary Judgment (the "Second Motion for an Extension of Time to Respond"). (Doc. # 123.) Plaintiff represented that his "counsel underestimated the amount of time it would take to sort through and respond to the volume of exhibits Defendants [sic] attached" to its Motion for Summary Judgment and that "another case in which Plaintiff's counsel [was] involved continue[d] to require a disproportionate and unexpected amount of time." (*Id.* at 2.) Plaintiff stated that his counsel was unable to confer to Defendant and its counsel prior to filing his motion because "[t]he circumstances compelling [the] request arose after hours on September 25, 2018." (*Id.* at 2.)

Magistrate Judge Mix granted Plaintiff's Second Motion for an Extension of Time to Respond on September 28, 2018. (Doc. # 125.) Magistrate Judge Mix noted Second Motion for an Extension of Time to Respond was subject to denial for Plaintiff's failure to confer with opposing counsel but nonetheless granted the Second Motion for an Extension of Time to Respond and gave Plaintiff until October 5, 2018 to file a response. (*Id.*) Plaintiff did not file a Response by or on October 5, 2018.

On October 8, 2018, Plaintiff filed a Third Motion for an Extension of Time to Respond to the Motion for Summary Judgment (the "Third Motion for an Extension of

3

Time to Respond"), requesting a "three business day extension" for a response "through and including October 11, 2018." (Doc. # 126.) Plaintiff alleged that his counsel was unable to file a response or the Third Motion "[d]ue to a family emergency that developed very late [five days beforehand, on October 3, 2018] and [was] still ongoing (though substantially improved)." (*Id.* at 2.)

Magistrate Judge Mix granted Plaintiff's Third Motion for an Extension of Time to Respond on October 9, 2018. (Doc. # 128.) She wrote:

> Similar to Plaintiff's prior request for an extension, the present Motion [(Doc. # 126)] does not comply with D.C.COLO.LCivR 7.1(a) because Plaintiff has not demonstrated a "reasonable good faith effort" to confer with opposing counsel. Plaintiff is reminded that the Motion [(Doc. # 126)] is subject to denial on this basis alone. Nevertheless, in the interest of expediency, the Court finds that an additional six-day extension is reasonable and that Plaintiff's failure to meet the prior deadlines was due to excusable neglect pursuant to Fed. R. Civ. P. 6(b)(1)(B).

(*Id.* at 1.) Accordingly, she ordered that Plaintiff's response was **due on or before October 11, 2018**. (*Id.*) She concluded by advising Plaintiff that "[g]iven that this is the third extension of such deadlines, . . . **no further extensions will be granted**." (*Id.*) (emphasis added). Plaintiff did not file a response by or on October 11, 2018.

On October 14, 2018, Plaintiff filed his Response to Defendant's Motion for Summary Judgment. (Doc. # 134.) Plaintiff does not make any mention of the untimeliness of his Response therein. (*Id.*)

On October 16, 2018, Plaintiff filed the Motion presently before the Court. (Doc. # 136.) Plaintiff alleges that his counsel was unable to file his Response by October 11, 2018:

4

> On Thursday and Friday, October 11 and 12, 2018[,] Plaintiff's counsel was traveling for a conference on international flights that had WiFi onboard throughout the flight. Plaintiff's counsel confirmed that the WiFi service was typically reliable, and therefore reasonably expected to have access to the Internet to be able to electronically file the Response to the Motion for Summary Judgment in a timely manner. However, the WiFi was not functioning. Unfortunately, as a result, [Plaintiff's counsel] did not regain access to the internet until Sunday, October 14, 2018, at which point the Response to the Motion for summary judgment was filed with the Court [ECF 134 and 135]. [Plaintiff's counsel] immediately sent an email to counsel for [Defendant] explaining the situation, however, the email did not go out until yesterday [October 15, 2018], apparently due to some problems with the outgoing mail server. The conferral email exchange occurred yesterday.

(*Id.* at 2.) Plaintiff argues that "[t]his situation warrants reconsideration" of Magistrate Judge Mix's "determination that no further extension will be granted" and requests leave to file his Response (Doc. # 134) out of time pursuant to Federal Rule of Civil Procedure 6(b). (Doc. # 136 at 2–3.) All four factors relevant to a Rule 6(b) inquiry weigh in favor of granting his Motion, according to Plaintiff. (*Id.* at 3–4) (citing *Scott v. Power Plant Maint. Specialists, Inc.*, No. 09-cv-2591, 2010 WL 1881058, *2 (D. Kan. 2010)).

Defendant responded in opposition to the Motion on the same day, October 16, 2018. (Doc. # 137.) Defendant asserts that Plaintiff is not entitled to relief under Rule 6(b) because he fails to demonstrate excusable neglect and fails to provide evidence of good faith attempts to meet the deadline for his Response and. (*Id.* at 4–5.) Defendant also suggests that Plaintiff's Response should be stricken as untimely, alleging that "Plaintiff has repeatedly ignored the Court's deadlines and rules." (*Id.* at 3–4.)

Plaintiff replied in support of his Motion on October 30, 2018, repeating the arguments he asserted in the Motion. (Doc. # 143.)

5

## II.     **LEGAL STANDARD**

Under the Local Rules, a response to a motion for summary judgment under Rule 56 "shall be filed no later than 21 days after the date of service of the motion." D.C.COLO.LCivR 56.1(a); D.C.COLO.LCivR 7.1(d).

Federal Rule of Civil Procedure 6(b) provides, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of **excusable neglect**."[1]  Fed. R. Civ. P. 6(b)(1)(B) (emphasis added).  The United States Supreme Court explained in the seminal case on excusable neglect that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not strictly limited to omissions caused by circumstances beyond the control of the movant."  *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993).  The Court further directed that in determining where neglect is excusable, a court must take into account "all relevant circumstances surrounding the party's omission."  *Id.* at 395.  These include four relevant factors: (1) "the danger of prejudice" to the nonmoving party; (2) "the length of the delay and its potential impact on

---

[1] This Court's Civil Practice Standards allow for motions for extension of time pursuant to Rule 6(b); they state, however, that such motions "will be denied if they do not comply with [the rules of federal and local practice] or if they fail to demonstrate good cause."  CMA Civ. Practice Standard 6.1(b)(1).  The Court also requires that "[a]ny motion for extension of time shall be filed as early as practicable based on the underlying reason for the requested extension."  CMA Civ. Practice Standard 6.1(b)(3).  It advises that "[m]otions for extension of time submitted on the date of the underlying filing is due are subject to summary denial at the discretion of the Court.  *Id.*

judicial proceedings"; (3) "the reason for the delay, including whether it was within reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Id.*

Though the Supreme Court's discussion of excusable neglect in *Pioneer* concerned Bankruptcy Rule 9006(b)(1), *see id.* at 382, its analysis "rested on the plain meaning of the terms," *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) (citing *Pioneer*, 507 U.S. at 391–92). Accordingly, the Court of Appeals for the Tenth Circuit has extended the *Pioneer* standard of excusable neglect to motions arising under Federal Rule of Appellate Procedure 4(b)(4) or under Federal Rule of Civil Procedure 6(b), like the matter presently before this Court. *Hamilton v. Water Whole Int'l Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008) (citing *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004); *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005)); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (applying *Pioneer* definition in Rule 6(b) context). The Tenth Circuit has also held that the third factor—"fault in the delay"—is "perhaps the most important single factor . . . in determining whether neglect is excusable." *City of Chanute, Kan.*, 31 F.3d at 1046 (citing *United States v. Andrews*, 790 F.2d 803, 806 (10th Cir. 1986), *cert. denied*, 481 U.S. 1018). "[A]n inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect." *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017).

### III. ANALYSIS

**A. PLAINTIFF FAILS TO DEMONSTRATE EXCUSABLE NEGLECT**

Plaintiff fails to demonstrate that he did not timely file his Response "because of excusable neglect," *see* Fed. R. Civ. P. 6(b)(1)(B), and the Court therefore lacks good cause for permitting Plaintiff's untimely filing of his Response. Plaintiff implicitly concedes that his counsel was aware that his Response was due on or before October 11, 2018, by stating that his counsel attempted to file a response on October 11, 2018, while aboard an international flight but was unable to do so. *See* (Doc. # 136 at 2.) Plaintiff therefore cannot allege that his counsel's failure to comply with Magistrate Judge Mix's October 9, 2018 Order (Doc. # 128) was the result of inadvertence, ignorance of the rules, or mistakes. Rather, Plaintiff must allege sufficient "intervening circumstances beyond the party's control." *See Pioneer*, 507 U.S. at 388, 392.

The Court considers whether Plaintiff does so by turning to the four factors relevant to a Rule 6(b)(1)(B) inquiry, *see Hamilton*, 302 F. App'x at 798, and concludes that the factors weigh against a finding of excusable neglect.

    1. <u>The Reason for the Delay, Including Whether It Was Within Plaintiff's Reasonable Control</u>

Plaintiff's reason for the delay is plainly inadequate.[2] First, the Court notes that Plaintiff's counsel apparently waited until the last possible hours to attempt to file his Response, as counsel had sufficient connectivity to file an affidavit related to another

---

[2] The Court begins its analysis with the discussion of the third factor because it is, as the Court has already explained, "a very important factor—perhaps the most important single factor—in determining whether neglect in excusable." *City of Chanute, Kan.*, 31 F.3d at 1046.

motion in the morning hours of October 11, 2018.  *See* (Doc. # 133; Doc. # 137 at 3); *see also Magraff v. Lowes HIW, Inc.*, 217 F. App'x 759, 761 (10th Cir. 2007) (finding no excusable neglect where movant's counsel "deliberately waited until the end of the thirty-day period to file [a] notice of appeal, increasing the risk that unforeseen events . . . might interfere with his ability to meet the deadline.")  Plaintiff does not offer any explanation as to why his counsel waited until hours before the deadline expired to attempt to file his Response or why she did not plan for being on international flights on the day his Response was due.

Second, the Court finds Plaintiff's explanation that his counsel was completely "unable to regain access to the internet until Sunday, October 14, 2018"—three days after Plaintiff's Response was due—to be incredible.  *See* (Doc. # 136 at 2.)  Plaintiff does not offer any evidence that his counsel attempted to access the internet on October 12 or 13, 2018, or that his counsel was unexpectedly in locations devoid of connectivity for three days.  Numerous other courts have rejected similar allegations of technical issues as insufficient to establish excusable neglect.  For example, the District Court for the Eastern District of Virginia held that alleged "technical problems with counsel's computer" failed to demonstrate excusable neglect, given that counsel could have accessed the internet "from computers at the office, at home, at a library, or even on a cellular device with internet access."  *Smith v. Look Cycle USA*, 933 F. Supp. 2d 787, 790 (E.D. Va. 2013).  *See also Robinson v. Wix Filtration Co.*, 599 F.3d 403, 413 (4th Cir. 2010) (finding that movant's "counsel's calculated decision . . . to inform no one

of computer malfunctions of which only he was aware" could not be characterized as excusable neglect).

Third, Plaintiff does not even attempt to explain why he waited until October 16, 2018, five days after the deadline for his Response and two days after he actually filed it (Doc. # 134), to move the Court for leave to allow his untimely filing.  As in *Schoenman v. FBI*, 841 F. Supp. 2d 69, 75 (D.D.C. 2012), in which the movant waited for five days after a court-ordered deadline to petition the court for a further extension, "[f]ar from excusable neglect, these circumstances evince something closer to 'willful disregard' of the Court's process, a conclusion that is only bolstered by the fact that [Plaintiff] had long been on actual notice that the Court expected him to adhere to the specified schedule and was strongly disinclined to grant further extensions."  *Id.* (citing *Tibbetts v. Sweetland*, No. 02-7151, 2004 WL 297123, *1 (D.D.C. 2004) (denying leave to file out of time where movant was given a "final warning" that "no further extensions" would be allowed)).  *See* (Doc. # 128) (Magistrate Judge Mix's October 9, 2018 Order, advising Plaintiff "that no further extensions will be granted").

Under these circumstances, the Court concludes that the reason for the delay was well within Plaintiff's counsel's control and that the third factor—the most important factor—therefore weighs against granting the Motion.

    2.    <u>The Danger of Prejudice to Defendant</u>

Plaintiff's assertion that his "one-business delay in filing the Response does not prejudice Defendant in any way" fails to move the Court.  *See* (Doc. # 136 at 3.)  As Defendant explains in its Response, Plaintiff has previously been granted extensions of

10

more than 30 days for filing a response and had over 50 days to do so.  (Doc. # 137 at 6.)  Though a delay of one business day, taken in isolation, may not prejudice Defendant, cumulatively, the repeated delays since Defendant filed its Motion for Summary Judgment likely prejudice Defendant.  *See Murphy v. Eddie Murphy Prod., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010) (finding prejudice to the non-movant where the district court had already granted an extension and the case had been lingering for three years).  This factor weighs against granting Plaintiff's request for a fourth extension of time.

       3.      <u>The Length of the Delay and Its Potential Impact on Judicial Proceedings</u>

Plaintiff's Response was due October 11, 2018, a Thursday.  *See* (Doc. # 128.)  Plaintiff filed his Response on Sunday, October 15, 2018.  (Doc. # 134.)  His brief delay does not impact judicial proceedings, and Defendant does not argument otherwise.  *See., e.g., Biodiversity Conservation All. v. Bureau of Land Mgmt.*, 438 F. App'x 669, 672 (10th Cir. 2011) (finding that a one-day delay in the filing of a notice of appeal did not weigh against a finding of excusable neglect).  This factor therefore weighs in favor of granting Plaintiff's Motion.

       4.      <u>Whether Plaintiff Acted in Good Faith</u>

Plaintiff's bald argument that he and his counsel "have acted in good faith throughout this case and in bringing this Motion and in filing the Response" lacks any supporting evidence.  *See* (Doc. # 136 at 3; Doc. # 143 at 2.)  Rather, Plaintiff's counsel's repeated and unsubstantiated requests for more time, failures to confer with opposing counsel, and inability or unwillingness to timely file a request for a fourth

extension of time give rise to an inference of bad faith.  Plaintiff has not presented an adequate reason for his delay in filing his Response.  Accordingly, "[t]he Court cannot in good conscience find that [Plaintiff] acted in good faith."  *See Crutcher v. Coleman*, 205 F.R.D. 581, 586 (D. Kan. 2001) (finding bad faith for purposes of a Rule 6(b) analysis where movant did not allege an adequate reason for her delay in filing).  The fourth factor counts against granting Plaintiff's request.

Three of the four factors—including the most important factor—thus weigh in favor of the conclusion that Plaintiff has **not** established excusable neglect under Rule 6(b).  Accordingly, the Court denies Plaintiff's Motion.  His Response was not timely filed, and the Court will not grant him leave to file it after the thrice-extended deadline of October 11, 2018.

**B.    PLAINTIFF'S RESPONSE IS STRICKEN AS UNTIMELY**

Pursuant to its Civil Practice Standards, the Court strikes Plaintiff's Response (Doc. # 134) as untimely.  *See* CMA Civ. Practice Standard 7.1A(e)(3).

The Court is not without sympathy for Plaintiff, as it plainly appears that fault lies with his counsel for his repeated inattention to the Court's rules and orders.  However, it is well established that "clients must be held accountable for the acts and omissions of their attorneys."  *Pioneer*, 507 U.S. at 396–97 (collecting cases).  The Supreme Court explained this principle in rejecting a petitioner's argument that the dismissal of his claim because of his counsel's unexcused conduct imposed an unjust penalty on the client:

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound

by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

*Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320 (1879)).

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. Plaintiff's Motion for Partial Reconsideration of the Court's October 9, 2018 Minute Order and for Leave to File Response to Defendant's Motion for Summary Judgment Out of Time (Doc. # 136) is DENIED; and

2. Plaintiff's Response (Doc. # 134) to Defendant's Motion to Summary Judgment is STRICKEN.

DATED: December 18, 2018

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge